# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MAGPUL INDUSTRIES CORP.,**

    **Plaintiff,**

v.                                          **Case No. 4:13-cv-439-MW/CAS**

**MATTHEW GOTTLIEB,**
**RUDY'S RA1 ACCESSORIES,**
**and DOES 1-100,**

    **Defendants.**
_____/

## ORDER GRANTING PERMANENT INJUNCTION

Based upon a review of the pleadings, declarations, evidence presented, and the Stipulation filed by Plaintiff Magpul Industries, Corp. ("Magpul") and Defendants Matthew Gottlieb and Rudy's RA1 Accessories ("Defendants"), this Court makes the following findings of fact and conclusions of law:

1. Magpul and Defendants ("Parties") have jointly filed a Stipulation, seeking entry of this Permanent Injunction. The Parties are requesting this Order in accordance with the terms of a Confidential Settlement Agreement. The Parties have agreed to all of the terms for this Permanent Injunction.

2. Magpul's marks, set forth in ECF No. 11, are registered on the Principal Register of the U.S. Patent and Trademark Office, and at all times relevant to this case, Magpul held and continues to hold all rights, titles, and interests in the marks.

1

Magpul has shown that Gottlieb, without Magpul's consent, used Magpul's name and marks in commerce. As such, Magpul has shown a substantial likelihood of success on the merits of its claims for trademark infringement and false designation of origin against Gottlieb and Rudy's RA1 Accessories, an online store front operated and controlled by Gottlieb.

3. Magpul's business relies in large part upon the reputation and goodwill associated with its name, marks, and products. Gottlieb's alleged unauthorized use of Magpul's name and marks has resulted in Magpul's loss of control of its reputation and goodwill and a foreseeable loss of trade which are grounds for irreparable harm.

4. The balance of the parties' prospective harms and public interest favors restricting Gottlieb's unauthorized use of Magpul's name and marks.

5. Based on the foregoing, Magpul is entitled to a permanent injunction against Gottlieb and Rudy's RA1 Accessories.

## **Permanent Injunction**

1. Gottlieb, online accounts or entities controlled by Gottlieb, and associated officers, directors, employees, agents, subsidiaries, distributors, and other persons[1] in privity or acting in concert or participation with Gottlieb and such online accounts or entities having notice of this Order are hereby forever restrained from:

   a. manufacturing, importing, advertising, promoting, marketing, offering to sell,

---

[1] References to "person" or "persons" throughout this Order includes individuals, entities, and accounts.

selling, distributing, or transferring any products bearing Magpul's name or marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Magpul;

b. making or employing any commercial use of Magpul's name or marks as well as any reproductions, counterfeit copies, derivations, or colorable imitations thereof, or any mark confusingly similar thereto or likely to dilute or detract from Magpul's name or marks;

c. using any other false designation of origin, false description or representation, or any other use of Magpul's name or marks, logo or trade dress, or counterfeit versions thereof, in a manner calculated to falsely advertise counterfeit products as being manufactured, distributed, sponsored, authorized, or endorsed by Magpul, or otherwise associated with Magpul in any way;

d. committing any other acts calculated or likely to cause confusion or mistake among the consuming public or to deceive the public by misleading consumers and purchasers to the mistaken belief that counterfeit products are genuine Magpul products, or were somehow licensed, sponsored, endorsed, authorized, affiliated, or otherwise associated with Magpul;

e. secreting, concealing, destroying, selling off, transferring, returning, or otherwise moving, storing, or disposing of:

  i. any products, not manufactured or distributed by Magpul, bearing

Magpul's name or marks, or any confusingly similar trademarks; or

ii. any evidence, including products and records, relating to the manufacture, importation, sale, offer for sale, distribution, transfer, circulation, advertising, marketing, or promotion of any products that infringe Magpul's name or marks.

SO ORDERED on January 7, 2014.

s/Mark E. Walker  
United States District Judge